# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**NORRIS C. GREEN (# 30707)**                                                          **PLAINTIFF**

**v.**                                                                       **No. 4:06CV186-P-A**

**REBECCA BLOUNT, ET AL.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Norris C. Green, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed as frivolous.

On March 11, 2006, a Unit 29-F prison guard smelled alcohol on the plaintiff's breath and issued a rule violation report charging him with making intoxicants or being intoxicated. At a hearing on the rule violation, the plaintiff was found guilty of the infraction and punished with twenty days isolation. The plaintiff alleges that the hearing officer had no proof that the plaintiff was intoxicated and thus argues that the hearing was arbitrary. The plaintiff has ignored, however, the testimony of three officers who smelled alcohol on the plaintiff's breath. As such, the plaintiff enjoyed due process during the disciplinary proceeding.

In addition, this matter has already been adjudicated by the Sunflower County Circuit Court and decided against the plaintiff. *Green v. Blount, et al*, Cause No. 2006-0102-M, Order Denying Petition for an Order to Show Case dated October 13, 2006. As such, the claim is barred by the doctrine of *res judicata*. *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as

to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the finding of guilty on the Rule Violation Report # 693395 and any suits arising out of that event. Therefore, under the doctrine of *res judicata*, the plaintiff's claims against all defendants must be dismissed as frivolous. A final judgment consistent with this memorandum opinion shall issue today.

      **SO ORDERED,** this the 1st day of February, 2007.

                                      /s/ W. Allen Pepper, Jr.
                                      W. ALLEN PEPPER, JR.
                                      UNITED STATES DISTRICT JUDGE